**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                          No. 99-4393

MARK LEWIS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-97-354)

Submitted: January 18, 2000

Decided: February 8, 2000

Before WILKINS and LUTTIG, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Reynolds Williams, WILLCOX, BUYCK & WILLIAMS, P.A., Flor-
ence, South Carolina, for Appellant. Alfred W. Bethea, OFFICE OF
THE UNITED STATES ATTORNEY, Florence, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mark Lewis appeals the district court's revocation of his supervised release term and its imposition of a thirty-month prison sentence, based on Lewis' violation of the terms and conditions of his supervised release. Lewis' attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), claiming that the district court abused its discretion by revoking Lewis' supervised release and that the district court failed to provide a written statement of the evidence on which it relied in revoking Lewis' supervised release, but concluding that there are no meritorious issues for appeal. Lewis filed a supplemental pro se brief arguing that the district court erred by admitting an unauthenticated videotape and in permitting the testimony of a police officer who did not actually view the drug transaction recorded on the tape. Lewis further charged that there was insufficient evidence to support the revocation, his counsel rendered ineffective assistance by filing an <u>Anders</u> brief, and the identification procedures used by the Government were unconstitutionally suggestive. Finding no error, we affirm.

Lewis was convicted in 1996 of bank fraud and sentenced to six months of imprisonment followed by five years of supervised release. In 1997, Lewis violated the terms and conditions of his supervised release and was sentenced to one year of imprisonment followed by three years of supervised release. Lewis began his second term of supervised release on May 13, 1998.

In March of 1999, Lewis was arrested for distribution of crack cocaine and distribution of a controlled substance in proximity to a school. After Lewis' arrest, the district court held a supervised release revocation hearing. Lewis denied that he had violated the terms of his supervised release. The Government presented the testimony of Florence County Sheriff Deputy Williams who stated that on January 14,

2

1999, he conducted a controlled buy of crack cocaine, which was recorded on videotape. The Government then presented the testimony of Officer Rouse of the Marion County Combined Drug Unit who stated that he supervised Williams' transaction, listening to a contemporaneous audio transmission and later viewing the videotape recorded at the scene.

Rouse testified that Lewis was the individual on the videotape of the controlled buy. Moreover, Lewis' supervising probation officer testified that she also could identify Lewis from the videotape of the drug transaction. Finally, the Government presented a report from the South Carolina Law Enforcement Division Forensic Service Lab indicating that the substance sold to Williams was crack cocaine.

Based on this evidence, the district court found that Lewis violated his supervised release by distributing crack cocaine--a Grade A violation--with a guideline range of twenty-four to thirty months. The district court sentenced Lewis to thirty months imprisonment and declined to impose a term of supervised release. Lewis appeals.

This court reviews the district court's decision to revoke a defendant's supervised release for an abuse of discretion. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. See 18 U.S.C.A.§ 3583(e)(3) (West 1994 & Supp. 1999). Revocation of supervised release is mandatory if the defendant unlawfully possesses a controlled substance. See 18 U.S.C.A. § 3583(g) (West 1994 & Supp. 1999). Because the evidence was sufficient to establish that Lewis distributed crack cocaine, we find no abuse of discretion in the district court's decision to revoke his supervised release.

Due process requires that the final revocation hearing include a written statement by the factfinder as to the evidence on which it relied and the reasons for revocation. See Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972). This requirement of a "written statement" can be met by a transcript of an oral finding "when the transcript and record compiled before the trial judge enable the reviewing court to determine the basis of the trial court's decision." Copley, 978 F.2d at 831. In the case before us, the court's recitation of the evidence on

3

which it relied to find a violation may not be a "model for satisfaction of this due process rule," id. at 832, but it is sufficient.

In his supplemental pro se brief, Lewis contends that the district court erred by admitting into evidence the unauthenticated videotape of the controlled buy. However, a revocation hearing is an informal proceeding to which the rules of evidence do not apply. See Fed. R. Evid. 1101(d)(3); United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999). Lewis also argues that the district court erred by admitting the testimony of Rouse, who did not actually witness the drug transaction. Because Rouse testified without objection from the defense, our review of the court's decision to admit and consider Rouse's testimony is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). Rouse's knowledge of the controlled buy through the audio transmitted from Williams' car during the transaction and subsequent viewing of the videotape was sufficiently reliable that we do not find plain error in permitting the testimony.

Lewis next claims that his counsel rendered ineffective assistance when he filed an Anders brief rather than arguing on appeal that Lewis' constitutional rights had been violated. Ineffective assistance of counsel claims are not properly raised on direct appeal unless it "conclusively appears" from the record that defense counsel did not provide effective representation. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). Ineffective assistance is not apparent from the record in this case.

Finally, Lewis claims that his identification by Government witnesses as a seller of drugs was tainted by suggestive identification tactics employed by the Government and Lewis' appearance in court. The record does not support Lewis' claims. Rouse testified that no photo array or line-up was conducted; Lewis was identified solely from the videotape of the drug transaction. Furthermore, in determining that Lewis sold crack cocaine to Williams, the trial court relied on its own observations of the videotape in addition to the testimony of Lewis' probation officer and Rouse.

Pursuant to Anders, this court has reviewed the record for potential error and has found none. Therefore, we affirm the district court's

4

order revoking Lewis' supervised release and imposing a thirty-month sentence. In his brief, counsel requests that he be permitted to withdraw from the representation of Lewis. We deny counsel's request to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5